IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL M. STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04 cv 334 DRH |
| ) | |
| TERRY G. KIPPING, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Extend the Time to Disclose and Depose Expert Witness(es) filed by the plaintiff, Paul M. Stokes, on June 3, 2005 (Doc. 37). The motion is **DENIED**.

Background

On August 4, 2004, this Court entered a scheduling order based on an agreed joint report of parties in which the following dates were agreed upon: the plaintiff was to provide a written expert report by March 1, 2005 and discovery was to be completed by May 9, 2005. On November 8, 2004, the defendant filed a motion to dismiss. That motion is currently pending before District Judge David R. Herndon. On May 24, 2005, the defendants filed a motion for summary judgment. That motion also is pending.

In the present motion, the plaintiff seeks additional time to disclose an expert who would provide testimony regarding the plaintiff's damages. The plaintiff indicates that he "did not want to incur the expense of an expert if the Court should decide to grant the Defendants' Motion to Dismiss and now the Motion for Summary Judgment." The plaintiff also asserts that no prejudice would stem from granting this motion and further seeks a truncated schedule within which he must disclose and depose his expert and within which the defendant must provide for a

rebuttal expert.

## Discussion

Federal Rule of Civil Procedure 6(b) provides that the Court may, "for cause shown," enlarge the deadlines previously set in this case. The Rule further provides: "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." The plaintiff here has sought an extension of time three months after the expiration of the expert report deadline. This motion also was filed almost a month after the discovery cut-off. Therefore, the motion is untimely. Additionally, the plaintiff has failed to show "excusable neglect." On the contrary, the plaintiff has shown that he *intentionally* failed to submit an expert report in order to save the cost of litigation. While a ruling on the pending motion to dismiss may negate the need to retain an expert, the plaintiff has made no showing that this satisfies the requirements of the rule.

**DATED: June 14, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
